QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Marshall M. Searcy III (Bar No. 169269)
  marshallsearcy@quinnemanuel.com
  Daniel C. Posner (Bar No. 232009)
  danposner@quinnemanuel.com
  Dylan C. Bonfigli (Bar No. 317185)
  dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Playboy Enterprises
International, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>FASHION NOVA, INC., a California corporation,<br><br>                    Defendant. | Case No. 20-cv-9846<br><br>**COMPLAINT FOR**<br><br> **1. REGISTERED TRADEMARK INFRINGEMENT**<br><br> **2. TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN**<br><br> **3. FEDERAL TRADEMARK DILUTION**<br><br> **4. COMMON LAW TRADEMARK INFRINGEMENT**<br><br> **5. STATE TRADEMARK DILUTION**<br><br> **6. STATE UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Playboy Enterprises International, Inc. ("Playboy"), upon knowledge as to itself of its own acts and upon information and belief as to all other matters, alleges as follows for its Complaint against defendant Fashion Nova, Inc. ("Fashion Nova").

**PRELIMINARY STATEMENT**

1.    When people think of Playboy, one of America's most famous and recognizable brands, one of the first things that comes to mind is the Playboy Bunnies and their iconic costumes, which include cuffs, a collar, a bowtie, a corset, a ribbon name tag, bunny ears and a tail.  Playboy's BUNNY COSTUME design registered trademark (the "BUNNY COSTUME®") is one of Playboy's most renowned trademarks.

2.    Recently, Playboy learned that Fashion Nova, an online purveyor of "fast-fashion" apparel, is selling blatant copies of the BUNNY COSTUME® (the "Infringing Products"), in direct competition with Playboy.  Indeed, throughout the peak of the Halloween costume season, Fashion Nova prominently featured its Infringing Products on the landing page of its website to attract consumers not only to its Infringing Products, but to its holiday costume line more generally, as shown in this screenshot from its website, www.fashionnova.com:



Case No. 20-cv-9846
COMPLAINT

3.      Side-by-side images of Playboy's genuine BUNNY COSTUME® and Fashion Nova's infringing knock-off show Fashion Nova's blatant copying:

| Playboy's Famous BUNNY COSTUME® | Fashion Nova's Infringing Product |
|---|---|
|  |  |

4.      Fashion Nova's marketing and sale of the Infringing Products is plainly an attempt to piggyback off of the popularity and renown of Playboy's iconic BUNNY COSTUME®, which Playboy has cultivated for more than six decades.

5.      In a further attempt to confuse and mislead consumers about an association between the Infringing Products and Playboy, and to trade off of Playboy's goodwill and reputation, Fashion Nova is also advertising some of its Infringing Products using the description "Bunny of the Month." This is a clear and unauthorized reference to Playboy's famous PLAYMATE OF THE MONTH trademark, which Playboy began using in 1954 in connection with the *Playboy* magazine.

6.      Despite Playboy's warning to Fashion Nova to cease and desist its unlawful behavior, Fashion Nova continues to market and sell the Infringing Products, thus requiring the filing of this Complaint. Playboy brings this Complaint

because Fashion Nova's infringements challenge Playboy's most valuable and well-recognized marks, because Fashion Nova's conduct threatens to deceive (and indeed already has deceived) the public, and because Fashion Nova's business model is built on disregarding trademark protections, which are of critical importance to Playboy's brand.  By this lawsuit, Playboy seeks to protect its brand and put an end to Fashion Nova's latest attempt to copy the famous designs and trademarks of others.

## THE PARTIES

7.    Plaintiff Playboy Enterprises International, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 10960 Wilshire Boulevard, Suite 2200, Los Angeles, California 90024.

8.    Defendant Fashion Nova, Inc. is a corporation organized and existing under the laws of California with its principal place of business at 2801 East 46th Street, Vernon, California 90058.

## JURISDICTION AND VENUE

9.    This is an action arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act") and the laws of the State of California.

10.   This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

11.   This Court has personal jurisdiction over Fashion Nova because a substantial part of the unlawful acts giving rise to Playboy's claims occurred and continues to occur in this District, and because Fashion Nova can be found in this District.

12.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because a substantial part of the unlawful acts giving rise to Playboy's claims occurred and continues to occur in this District, and because Fashion Nova can be found in this District.

**FACTUAL ALLEGATIONS**

**A.**     **The Playboy Brand and the Famous BUNNY COSTUME® and**
**PLAYMATE OF THE MONTH Trademarks**

13.     Playboy has been a leading global lifestyle and entertainment brand for more than 65 years.  Playboy, directly and through authorized licensees, sells consumer products and services in more than 180 countries and creates content for distribution via television networks, websites, and mobile platforms.  In doing so, Playboy provides a platform for new ideas, free expression, and diverse perspectives. Playboy has been on the front lines of the sexual revolution, advocating for civil rights, reproductive rights, LGBTQ rights, and cannabis reform.  Playboy has curated expressions of art, music, and culture, and has collaborated with some of the most iconic brands in the fashion world.  As a result—and through extensive marketing efforts, media projects, and product-licensing initiatives—Playboy has become famous and well-known in the United States and around the world.

14.     At the forefront of Playboy's activities and success are its world-famous trademarks, which are federally registered with the United States Patent & Trademark Office.  Among Playboy's most recognizable marks, and the central mark at issue in this lawsuit, is the Playboy BUNNY COSTUME®, with its iconic bunny ears, tail, ribbon name tag, wrist cuffs, corset, and bowtie collar, as depicted below:



**Playboy's Famous
BUNNY COSTUME®**

15.     The origins of the BUNNY COSTUME® date back to the 1960s.  When the Playboy Club in Chicago was about to open, the late Hugh Hefner, the founding editor and publisher of the *Playboy* magazine, Victor Lownes III, the magazine's promotions director, and Arnold Morton, a seasoned Chicago restaurateur, ran into a problem:  they didn't have a costume for the club's servers.  Lownes' girlfriend, Ilsa Taurins, urged the trio to use the magazine's icon:  the rabbit.  Although the rabbit in the Playboy logo was typically male, the men decided that feminizing the rabbit was worth a shot, and after seeing the first version of the costume, they agreed the fluffy cottontail and the long ears affixed to a headband were a nice touch.

16.     On the Chicago Playboy Club's opening night in 1960, the Playboy Club servers, often referred to as Playboy Bunnies, wore a strapless one-piece satin-and-rayon garment mounted on a merry widow corset, dyed to match three-inch heels, and a fluffy yarn tail.  Soon afterwards, a collar, bow tie, and cuffs were added, and the BUNNY COSTUME® was born.  Playboy has used the BUNNY COSTUME® continuously since, leading it to become one of the most unique and recognized costumes and trade dress in the world.

17.     Over the past 60 years, the BUNNY COSTUME® has become a staple of the Playboy brand.  The BUNNY COSTUME® has been donned by Dolly Parton, Gloria Steinem, Kate Moss, and even the comedian Flip Wilson.  The BUNNY COSTUME® was the first service uniform registered with the United States Patent & Trademark Office.  A complete BUNNY COSTUME® can be found in the collection of the Smithsonian.  And the BUNNY COSTUME® has been featured in major motion pictures like *The House Bunny* (2008).

18.     Today, Playboy Bunnies wear the BUNNY COSTUME® when representing Playboy at its various clubs, events, and experiences as brand ambassadors.  And Playboy sells multiple version of the BUNNY COSTUME® on its website (playboy.com), one of which is depicted below:

Case No. 20-cv-9846
COMPLAINT



19.     From its inception decades ago, and throughout its continuous use, the BUNNY COSTUME® has been non-functional and has served to distinguish Playboy's goods and services from those of its competitors and to identify Playboy as the source of those goods or services.  Indeed, the Federal Circuit and the Trademark Trial and Appeal Board have recognized "the ubiquitous Playboy bunny suit, which include[s] cuffs, a collar and bowtie, a corset, and a set of bunny ears."  *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1350 (2010) (citing *In re Chippendales USA, Inc.*, 90 U.S.P.Q.2d (BNA) 1535, 1538 (T.T.A.B. Mar. 25, 2009)).

20.     In addition to the BUNNY COSTUME®, Playboy is well-known for its PLAYMATE OF THE MONTH trademark, which Playboy began using in 1954 in connection with the *Playboy* magazine and has continued to use since.  An example of Playboy's use of the PLAYMATE OF THE MONTH trademark is depicted below:



21.    Playboy owns several valid and subsisting United States Trademark Registrations for the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark, including the following registrations:

| U.S. Registration Number | Mark Description | Goods/Services | Registration Date |
|---|---|---|---|
| 3392817 |  | International Cl. 43:  Bar and hotel services; cocktail lounge services | October 6, 2006 |

| U.S. Registration Number | Mark Description | Goods/Services | Registration Date |
|---|---|---|---|
| 3319643 |  | International Cl. 41:  Casino and night club services | October 6, 2006 |
| 3353308 |  | International Cl. 41:  Entertainment services, namely, providing an online service featuring images and video clips of female models; news reporting services on the subject of art, fashion, restaurants, entertainment, television, movies, sports, music, health, lifestyle, sex, relationships, politics and other areas of general interest; providing online commentary and articles on the subjects of art, entertainment, television entertainment, adult entertainment, | February 3, 1999 |

| U.S. Registration Number | Mark Description | Goods/Services | Registration Date |
|---|---|---|---|
| | | movies, sports, and music | |
| 3234488 |  | International Cl. 35:  Retail store services in the fields of clothing, clothing accessories, jewelry, books, magazines, stationary, videos, cd's, DVD's home accessories, smoker's articles, electronics, food and drinks, sporting goods, travel accessories, cosmetics, game equipment | June 30, 1999 |
| 3388248 | PLAYMATE OF THE MONTH | International Cl. 16:  Magazine sections in the field of adult entertainment | February 26, 2008 |

22.    Copies of the trademark registrations for Registration Nos. 3392817, 3319643, 3353308, 3234488, and 3388248 are attached hereto as **Exhibit A**.  Two of these registrations (Registration Nos. 3392817 and 3388248) have become incontestable pursuant to 15 U.S.C. § 1065 because they "ha[ve] been in continuous use for five consecutive years subsequent to the date of such registration and [are] still in use in commerce."  Playboy also owns and maintains common-law trademark rights in the BUNNY COSTUME® and the PLAYMATE OF THE MONTH  trademark by

virtue of their extensive and continuous use in commerce throughout the United States for decades.

23. Playboy has expended significant resources in carefully and closely monitoring and policing the use of its iconic marks and in enforcing its trademark rights throughout the United States. Playboy does not permit third parties to use the BUNNY COSTUME® or the PLAYMATE OF THE MONTH trademark absent a license, which it selectively grants to a very limited number of licensees. Playboy actively enforces its federal and common law trademark rights to protect the immense value and consumer goodwill Playboy has engendered in its marks and to preserve the exclusivity of the marks to Playboy.

**B.** **Fashion Nova's Willful Misappropriation of Playboy's BUNNY COSTUME® and PLAYMATE OF THE MONTH Trademarks**

24. Fashion Nova was founded in 2006 as a chain of stores in Los Angeles-area malls that sold low-price "clubwear." In 2013, Fashion Nova launched an e-commerce site (fashionnnova.com) to sell "fast-fashion" apparel—inexpensive clothing produced rapidly to meet new fashion trends. Fashion Nova's ability to churn out new clothing so quickly is due in large part to its willingness to copy the designs of other companies, piggybacking on their creative efforts to boost Fashion Nova's bottom line.

25. In blatant disregard to Playboy's rights, and in direct competition with Playboy, Fashion Nova is marketing, distributing, promoting, and offering for sale and selling in interstate commerce multiple versions of the BUNNY COSTUME® on its website (the "Infringing Products"), with names such as "Bunny of the Month 4 Piece Costume Set," "Bunny Hop 3 Piece Costume Kit," and "Miss B Bunny Costume." Fashion Nova has even displayed the Infringing Products on the landing page of its website, using Playboy's BUNNY COSTUME® as a way to attract customers to Fashion Nova's products. The Infringing Products are materially indistinguishable from Playboy's BUNNY COSTUME® and include all, or

substantially all, the features that make the BUNNY COSTUME® iconic: bunny ears and tail, ribbon, wrist cuffs, corset, and bowtie collar. Examples of Fashion Nova's Infringing Products, as compared to versions of the BUNNY COSTUME® offered for sale on playboy.com, are depicted below:

| Playboy's Famous BUNNY COSTUME® | Fashion Nova's Infringing Uses |
| --- | --- |
|  |  |
|  |  |

| Playboy's Famous BUNNY COSTUME® | Fashion Nova's Infringing Uses |
|---|---|
|  |  |

26.     Fashion Nova's Infringing Products are not manufactured by Playboy. Nor is Fashion Nova associated, affiliated, or connected with Playboy, or licensed, authorized, endorsed, or approved by Playboy in any way.

27.     Fashion Nova's blatantly infringing use of the BUNNY COSTUME® has created a likelihood of substantial confusion and mistake among consumers as to the source or origin of the Infringing Products and as to Playboy's connection, affiliation with, or endorsement of the Infringing Products and Fashion Nova.

28.     Indeed, Fashion Nova is even using the name "Bunny of the Month" to describe some of its Infringing Products, as depicted below, which is plainly a further attempt to confuse and mislead consumers about an association between the Infringing Products and Playboy given Playboy's well-known PLAYMATE OF THE MONTH trademark:



29.     Fashion Nova's infringing uses of Playboy's trademarks have already resulted in consumer confusion.  For example, members of the public are offering Fashion Nova's Infringing Products for resale with descriptions such as "Playboy Bunny Costume," "FashionNova Pink Satin Playboy Bunny Suit Costume Halloween," and "FASHION NOVA playboy bunny NEW costume."

30.     Fashion Nova's infringing uses of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark diminishes the distinctiveness of the trademarks insofar as they reduce the exclusivity that the trademarks carry by virtue of their association with Playboy.  Fashion Nova's uses of the trademarks also dilute the value of the trademarks by associating them with Fashion Nova, a purveyor of inexpensive "fast-fashion" apparel.  And Fashion Nova's failure to implement appropriate quality controls further diminishes the value of the trademarks, as evidenced by complaints from its own consumers such as "[r]uns too small," "[t]hreading was loose," and "it's nothing like the picture."

31.     Upon information and belief, Fashion Nova's infringement of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark was and continues to be willful and intended to cause confusion and mistake among consumers, for the benefit of Fashion Nova.  Fashion Nova's acts in deceiving consumers into believing that Playboy products could be purchased from Fashion Nova is not an innocent coincidence.

32.     Fashion Nova's willfulness to infringe the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark is evident not only from its blatant copying of the BUNNY COSTUME® and the designs of other brands, but also from its continued sale of the Infringing Products even after Playboy notified Fashion Nova that its use of the BUNNY COSTUME® was unlawful.  Specifically, on or about October 13, 2020, Playboy wrote to Fashion Nova to demand that Fashion Nova cease and desist its infringement of the BUNNY COSTUME®.  Playboy requested a response on or before October 18, 2020, but Fashion Nova has yet to provide any response, and by all accounts continues to market and sell the Infringing Products.

33.     Fashion Nova's failure to respond is an intentional delay tactic designed to avoid taking responsibility for its infringing conduct, while continuing to sell and profit from the Infringing Product at a time—immediately before Halloween—when demand for the BUNNY COSTUME® is at a peak.

## FIRST CAUSE OF ACTION

### Infringement of Registered Trademarks Under
### Section 32 of the Lanham Act, 15 U.S.C. § 1114

34.     The foregoing allegations are incorporated as if re-alleged herein.

35.     Playboy owns federal trademark registrations bearing Registration Nos. 3392817, 3319643, 3353308, 3234488, and 3388248.

36.     In the sale, offering for sale, distribution, and advertising of the Infringing Products, Fashion Nova uses in commerce a reproduction, counterfeit, copy, or colorable imitation of the BUNNY COSTUME® and the PLAYMATE OF

THE MONTH trademark, which are registered by Registration Nos. 3392817, 3319643, 3353308, 3234488, and 3388248.

37.     Upon information and belief, Fashion Nova's sale, offering for sale, distribution, and advertising of the Infringing Products  are likely to continue to cause, have caused, and are intended to cause confusion and mistake among, or to deceive, consumers and the trade.

38.     Fashion Nova's marketing and sale of the Infringing Products constitutes infringement of the BUNNY COSTUME® registered by Registration Nos. 3392817, 3319643, 3353308, and 3234488 and the PLAYMATE OF THE MONTH trademark registered by Registration No. 3388248, all in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     Fashion Nova's acts of trademark infringement have caused and, unless restrained, will continue to cause great and irreparable injury to Playboy and to the substantial consumer goodwill that Playboy has engendered in an amount that cannot be ascertained at this time, leaving Playboy with no adequate remedy at law.

40.     Accordingly, Playboy is entitled to injunctive relief against Fashion Nova, restraining it from any further infringement of the BUNNY COSTUME® registered by Registration Nos. 3392817, 3319643, 3353308, and 323448, and the PLAYMATE OF THE MONTH trademark registered by Registration No. 3388248, and, after trial, recovery of any damages proven to have been caused by reason of Fashion Nova's infringement of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark.

## SECOND CAUSE OF ACTION

### Trademark Infringement and False Designation of Origin Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

41.     The foregoing allegations are incorporated as if re-alleged herein.

42.     Fashion Nova's actions, including, but not limited to, its unauthorized use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark

in commerce in connection with the Infringing Products, constitute a false designation of origin, false and misleading representations of fact, and false and misleading descriptions of fact, which have caused and are likely to cause confusion, mistake, and deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Fashion Nova's promotion, distribution, sale, and offering for sale of the Infringing Products is intended to cause, has caused, and is likely to cause, confusion, mistake, or deceit as to the affiliation, connection, or association of Fashion Nova and the Infringing Products with Playboy, or as to the origin, sponsorship, approval of Fashion Nova's goods, services, or commercial activities.

44.     Fashion Nova's deceptive promotion, distribution, sale, and offering for sale of the Infringing Products constitute a false designation of origin and false and misleading descriptions and representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Accordingly, Playboy is entitled to injunctive relief against Fashion Nova, restraining it from any further infringement of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark and, after trial, recovery of any damages proven to have been caused by reason of Fashion Nova's infringement of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark.

### THIRD CAUSE OF ACTION

### Trademark Dilution, 15 U.S.C. § 1125(c)

46.     The foregoing allegations are incorporated as if re-alleged herein.

47.     Playboy is the exclusive owner of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in the United States, which are inherently distinctive and have acquired a high degree of distinctiveness through Playboy's use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in commerce for over six decades.

48.     The BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark have achieved wide recognition and fame among the general consuming

public of the United States as a designation of source of the goods or services of Playboy.

49.     Fashion Nova's use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in connection with the marketing and sale of the Infringing Products, without Playboy's authorization, is likely to cause dilution by blurring and tarnishment of, and does in fact dilute and detract from the distinctiveness of, the famous BUNNY COSTUME® and the famous PLAYMATE OF THE MONTH trademark, with consequent damage to Playboy and to its substantial business and goodwill in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

50.     Upon information and belief, Fashion Nova willfully intended to trade on the recognition of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark.

51.     Fashion Nova's willful acts of trademark dilution have caused and, unless restrained, will continue to cause great and irreparable injury to Playboy and to the substantial consumer goodwill that Playboy has engendered in an amount that cannot be ascertained at this time, leaving Playboy with no adequate remedy at law.

52.     Accordingly, Playboy is entitled to injunctive relief against Fashion Nova, restraining it from any further acts of trademark dilution and, after trial, recovery of any damages proven to have been caused by reason of Fashion Nova's acts of trademark dilution.

## **FOURTH CAUSE OF ACTION**

### **Common Law Trademark Infringement**

53.     The foregoing allegations are incorporated as if re-alleged herein.

54.     In the sale, offering for sale, distribution, and advertising of the Infringing Products, Fashion Nova uses the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark without Playboy's authorization.

55.     Fashion Nova's actions, including but not limited to its unauthorized use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in commerce in connection with the Infringing Products, constitute trademark infringement which has caused, and is likely to cause, confusion, mistake, and deception in violation of Playboy's common law rights to the BUNNY COSTUME® PLAYMATE OF THE MONTH trademark.

56.     Fashion Nova's promotion, distribution, sale, and offering for sale of the Infringing Products is intended to cause, has caused, and is likely to cause confusion, or mistake, or deceive as to the affiliation, connection, or association of Fashion Nova and the Infringing Products with Playboy, or as to the origin, sponsorship, approval of Fashion Nova's goods, services, or commercial activities by Playboy.

57.     Fashion Nova's acts, as described above, constitute common law trademark infringement.

58.     Accordingly, Playboy is entitled to injunctive relief against Fashion Nova, restraining it from any further infringement of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark and, after trial, recovery of any damages proven to have been caused by reason of Fashion Nova's infringement of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark.

## FIFTH CAUSE OF ACTION

### Trademark Dilution, California Business & Professions Code § 14247

59.     The foregoing allegations are incorporated as if re-alleged herein.

60.     Playboy is the exclusive owner of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in California, which have achieved wide recognition by the general consuming public of California as a designation of source of the goods or services of Playboy through Playboy's long-time and extensive promotion and use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in California in connection with substantial sales of Playboy products and services in California.

61.    Fashion Nova's intentional use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in commerce in connection with the marketing and sale of the Infringing Products, without Playboy's authorization, is a commercial use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark that is likely to cause dilution of the trademarks, with consequent damage to Playboy and its substantial business and goodwill symbolized by the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark.

62.    Fashion Nova's acts constitute trademark dilution under California Business & Professions Code § 14247.

## SIXTH CAUSE OF ACTION

### Unfair Competition Under California Common Law and California Business & Professions Code § 17200, *et seq.*

63.    The foregoing allegations are incorporated as if re-alleged herein.

64.    By the conduct alleged above, Fashion Nova has intentionally and willfully engaged in unlawful, unfair, and/or fraudulent methods of competition and unfair or deceptive acts or practices in violation of California Business & Professional Code § 17200 and the common law.

65.    Fashion Nova's actions, including but not limited to its unauthorized use of the BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark in commerce in connection with the marketing and sale of the Infringing Products, constitute an unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising.

66.    Fashion Nova's actions are likely to cause confusion, misrepresentation, and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between Fashion Nova and Playboy, and constitute unfair competition at common law and under California Business & Professions Code § 17200.

67.     Upon information and belief, unless restrained by this Court, Fashion Nova will continue to infringe Playboy's BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark and trade unfairly in connection therewith, such that money damages will not afford Playboy adequate relief for the injury to Playboy's goodwill sustained by such actions.

68.     Upon information and belief, Fashion Nova has the purpose or intent to injure Playboy, a competitor, or to destroy competition.

69.     Fashion Nova's actions have resulted in direct and proximate damage to Playboy.

70.     Fashion Nova has been unjustly enriched as a direct result of its wrongful acts, and Playboy is entitled to restitution, in an amount to be determined a trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Playboy prays for judgment and relief against Fashion Nova as follows:

1.     Injunctive relief where appropriate;

2.     An accounting by Fashion Nova of its profits for all infringement of Playboy's BUNNY COSTUME® and the PLAYMATE OF THE MONTH trademark;

3.     Actual damages in an amount to be proven at trial;

4.     Punitive or exemplary damages where appropriate;

5.     Reasonable costs and attorneys' fees pursuant to applicable law;

6.     Pre- and post-judgment interest as applicable; and

7.     Any other relief the Court deems appropriate.

## **DEMAND FOR A JURY TRIAL**

Playboy hereby demands a trial by jury of all issues so triable.

1

DATED:  October 27, 2020

2

QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4

By _____/s/ Daniel C. Posner_____

5

Daniel C. Posner

6

Attorneys for Playboy Enterprises International, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 20-cv-9846

COMPLAINT