UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-9846 JVS (KSx) | Date | April 13, 2021 |
| Title | Playboy Enterprises International, Inc. v. Fashion Nova, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant Fashion Nova, Inc. ("Fashion Nova") filed a motion to dismiss the Complaint of Plaintiff Playboy Enterprises International, Inc. ("Playboy"). Mot., Dkt. No. 24. Fashion Nova also filed a Request for Judicial Notice ("RJN"). RJN, Dkt. No. 25. Playboy filed an opposition. Opp'n., Dkt. No. 28. Fashion Nova replied. Reply, Dkt. No. 29.

For the following reasons, the Court **DENIES** the motion to dismiss and **GRANTS** the RJN.

## I. Background

The following facts are alleged in Playboy's complaint.

Playboy has been a leading global lifestyle and entertainment brand for more than 65 years. Compl., Dkt. No. 1 ¶ 13. Playboy, directly and through authorized licensees, sells products and services in more than 180 countries and creates content for distribution via television networks, websites, and mobile platforms. Id. At the forefront of Playboy's success are its world-famous trademarks, which are federally registered with the United States Patent & Trademark Office ("USPTO"). Id. ¶ 14. Among Playboy's most recognizable marks, and the central mark at issue in this lawsuit, is the Playboy Bunny Costume ("Bunny Costume") with its iconic bunny ears, tail, ribbon name tag, wrist cuffs, corset, and bowtie collar. Id.

The origins of the Bunny Costume date back to the 1960s. Id. ¶ 15. On the Chicago Playboy Club's opening night in 1960, the Playboy Club servers, often referred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 20-9846 JVS (KSx)                                    Date   April 13, 2021

Title     Playboy Enterprises International, Inc. v. Fashion Nova, Inc.

to as Playboy Bunnies, wore strapless one-piece satin and rayon garments mounted on corsets, dyed-to-match three-inch heels, and fluffy yarn tails. Id. ¶ 16. Soon afterwards, a collar, bow tie, and cuffs were added, and the Bunny Costume was born. Id. Playboy has used the Bunny Costume continuously since, leading it to become one of the most unique and recognized costumes in the world. Id. The Bunny Costume was the first service uniform registered with the USPTO. Id. ¶ 17.

Today, Playboy Bunnies wear the Bunny Costume when representing Playboy at its various clubs, events, and experiences as brand ambassadors. Id. ¶ 18. Playboy sells multiple versions of the Bunny Costume on its website (playboy.com). Id. From its inception and throughout its continuous use, the Bunny Costume has been non-functional and has served to distinguish
Playboy's goods and services from those of its competitors and to identify Playboy as the source of those goods and services. Id. ¶ 19.

In addition to the Bunny Costume, Playboy is well-known for its "Playmate of the Month" trademark, which Playboy began using in 1954 in connection with the *Playboy* magazine and has continued to use since. Id. ¶ 20. Playboy owns several United States Trademark Registrations for the Bunny Costume and the Playmate of the Month trademark, including Registration Nos. 3392817, 3319643, 3353308, 3234488, and 3388248. Id. ¶ 21.

Playboy has expended significant resources in closely monitoring the use of its marks and in enforcing its trademark rights throughout the United States. Id. ¶ 23. Playboy does not permit third parties to use the Bunny Costume or Playmate of the Month trademark absent a license, which it selectively grants to a very limited number of licensees. Id.

Fashion Nova was founded in 2006 as a chain of stores in Los Angeles area malls that sold low-price "clubwear." Id. ¶ 24. In 2013, Fashion Nova launched an e-commerce site (fashionnnova.com) to sell "fast-fashion" apparel—inexpensive clothing produced rapidly to meet new fashion trends. Id.

Fashion Nova is currently marketing, distributing, promoting, and offering for sale multiple versions of the Bunny Costume on its website (the "Allegedly Infringing Products"), with names such as "Bunny of the Month 4 Piece Costume Set," "Bunny Hop

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 20-9846 JVS (KSx)                           Date   April 13, 2021

Title     Playboy Enterprises International, Inc. v. Fashion Nova, Inc.

3 Piece Costume Kit," and "Miss B Bunny Costume." Id. ¶ 25. Fashion Nova has displayed the Infringing Products on the landing page of its website, using the Bunny Costume to attract customers to Fashion Nova's products. Id. The Allegedly Infringing Products are materially indistinguishable from Playboy's Bunny Costume and include all, or substantially all, the features that make the Bunny Costume iconic: bunny ears and tail, ribbon, wrist cuffs, corset, and bowtie collar. Id.

Fashion Nova's Allegedly Infringing Products are not manufactured by Playboy, nor is Fashion Nova associated, affiliated, or connected with Playboy, or licensed, authorized, endorsed, or approved by Playboy in any way. Id. ¶ 26. Fashion Nova's infringing use of the Bunny Costume has created a likelihood of substantial confusion among consumers as to the source or origin of the products and as to Playboy's connection, affiliation with, or endorsement of the products and Fashion Nova. Id. ¶ 27. Fashion Nova is even using the name "Bunny of the Month" to describe some of the Allegedly Infringing Products, which is a further attempt to confuse and mislead consumers about an association between the Allegedly Infringing Products and Playboy given Playboy's well-known Playmate of the Month trademark. Id. ¶ 28.

Fashion Nova's uses of Playboy's trademarks have already resulted in consumer confusion. For example, members of the public are offering Fashion Nova's products for resale with descriptions such as "Playboy Bunny Costume," "FashionNova Pink Satin Playboy Bunny Suit Costume Halloween," and "FASHION NOVA playboy bunny NEW costume." Id. ¶ 29. Fashion Nova's infringing uses of the Bunny Costume and the Playmate of the Month trademark diminishes the distinctiveness of the trademarks insofar as they reduce the exclusivity that the trademarks carry by virtue of their association with Playboy. Id. ¶ 30. Fashion Nova's uses of the trademarks also dilute the value of the trademarks by associating them with Fashion Nova, a purveyor of inexpensive "fast-fashion" apparel. Id. Furthermore, Fashion Nova's failure to implement appropriate quality controls also diminishes the value of the trademarks, as evidenced by complaints from its own consumers such as "[r]uns too small," "[t]hreading was loose," and "it's nothing like the picture." Id.

On or about October 13, 2020, Playboy wrote to Fashion Nova to demand that Fashion Nova cease and desist its infringement of the Bunny Costume. Id. ¶ 32. Playboy requested a response on or before October 18, 2020, but Fashion Nova has yet to provide a response, and by all accounts continues to market and sell the Allegedly Infringing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-9846 JVS (KSx)                               Date   April 13, 2021

Title   Playboy Enterprises International, Inc. v. Fashion Nova, Inc.

Products. Id.

Playboy brought suit against Fashion Nova for (1) Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, (2) trademark infringement and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (3) Trademark Dilution under 15 U.S.C. § 1125(c), (4) Common Law Trademark Infringement, (5) Trademark Dilution under California Business & Professions Code § 14247, and (6) Unfair Competition Under California Common Law and California Business & Professions Code § 17200, *et seq.*

## II. LEGAL STANDARD

### A. Request for Judicial Notice

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b).

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee, 250 F.3d at 688. There are, however, two exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Id. First, the Court may consider documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688; see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (a court may treat an exhibit as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). Second, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record." Lee, 250 F.3d at 688–89; see Fed. R. Evid. 201(b).

### B. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 20-9846 JVS (KSx)                              Date  April 13, 2021

Title  Playboy Enterprises International, Inc. v. Fashion Nova, Inc.

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To resolve a Rule 12(b)(6) motion under Twombly, a court must follow a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. As such, a pleading must allege facts that permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555). A court considering a motion to dismiss may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific; the Court must draw on its experience and common sense, but there is no plausibility where the court cannot "infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

**A. Request for Judicial Notice**

Fashion Nova seeks judicial notice of 10 documents, all of which are attached as exhibits to the Declaration of Adam R. Fox ("Fox") , Fashion Nova's Counsel. See RJN, Dkt. No. 25.

Specifically, Fashion Nova asks the Court to take judicial notice of:

(1) Exhibit A: A copy of the NY Post article titled "NYC Playboy Club Bunnies to Hang Up Tails and Ears After Just One Year"
(2) Exhibit B: A copy of the Wall Street Journal article titled "Playboy Magazine Shuts Down Print Edition, Citing Coronavirus"
(3) Exhibit C: A copy of Playboy's "Scandalous Mrs. Tux Bunny Costume" that appears on Playboy's website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-9846 JVS (KSx) | Date | April 13, 2021 |
| Title | Playboy Enterprises International, Inc. v. Fashion Nova, Inc. | | |

    (4) Exhibit D: A copy of the advertising and marketing related to the accused products.
    (5) Exhibit E: A copy of Playboy's website showing their Bunny Costume offerings.
    (6) Exhibit D: A copy of the specimens submitted by Playboy to the USPTO to support U.S. Registration No. 3392817 dated November 22, 2006, November 26, 2007, February 28, 2014, and March 5, 2018,
    (7) Exhibit E: A copy of the specimens submitted by Playboy to the USPTO to support Plaintiff's service mark Registration No. 3319643 for use in "casino and night club services" dated November 22, 2006, July 27, 2007, March 27, 2014, and September 28, 2017, as referenced in but not attached to the Complaint filed in this matter by Plaintiff.
    (8) Exhibit F: A copy of the specimens submitted by Playboy to the USPTO to support Plaintiff's service mark Registration No. 3353308 for use in "entertainment services" dated August 9, 2007, December 9, 2013, and July 11, 2018.
    (9) Exhibit G: A copy of the specimens submitted by Playboy to the USPTO to support Plaintiff's service mark Registration No. 3234488 for use in "retail store services" dated December 6, 2006, October 23, 2013, and March 28, 2017
    (10) Exhibit H: A copy of the specimens submitted by Playboy to the USPTO to support Plaintiff's word mark Registration No. 3388248 for use in "magazine sections in the field of adult entertainment" dated June 21, 2007, February 11, 2014, and March 1, 2018.

    <u>Id.</u>, at 2–3. Playboy opposes the RJN with respect to all but Exhibits C and E, which Playboy concedes are incorporated by reference into its complaint. <u>See</u> Opp'n to RJN, Dkt. No. 28–2, at 1, n. 1. The Court agrees that these documents are incorporated by reference into the complaint, and thus **GRANTS** the RJN with respect to Exhibits C and E.

    Playboy objects to the RJN with respect to Exhibits A, B, and D on the grounds that are not part of the public record and are not referenced in the complaint. <u>Id.</u>, at 2. Fashion Nova argues that Exhibits A and B contain copies of articles showing that Playboy has ceased operation of its Playboy Clubs and
printed Playboy Magazine, and that it is appropriate for the Court to take judicial notice of this because this information is both generally known and easily verifiable by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-9846 JVS (KSx) | Date | April 13, 2021 |
| Title | Playboy Enterprises International, Inc. v. Fashion Nova, Inc. | | |

reliable source. RJN, Dkt. No. 25, at 5. Fashion Nova also argues that Exhibit D is incorporated by reference into the complaint, as Fashion Nova's website is referenced extensively in Playboy's complaint. Id. The Court finds that Exhibits A, B, and D are part of the public record, and this **GRANTS** the RJN with respect to these exhibits.

Exhibits F, G, H, I, and J are pictures of specimens that Playboy has submitted to the USPTO in connection with its registration of various trademarks. The Court finds that these are public records appropriate for judicial notice. Accordingly, the Court **GRANTS** the RJN with respect to Exhibits F, G, H, I, and J.

**B. Motion to Dismiss**

*i. Claims for Trademark Infringement, False Designation of Origin, and Unfair Competition*

Fashion Nova moves to dismiss Playboy's First, Fourth, and Sixth claims for infringement, false designation of origin, and unfair competition. Mot., Dkt. No. 24, at 6.

"[T]o prevail on an infringement claim in a trademark case . . . a plaintiff must show that: 1) it has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause consumer confusion." OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc., 897 F.3d 1008, 1022 (9th Cir. 2018) (citing Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007)). A claim for false designation of origin is subject to "[t]he same standard," except that it has no requirement that the mark be registered. Brookfield Communs., Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 n.6 (9th Cir. 1999) (citing 15 U.S.C. §§ 1114(1) (trademark infringement), 1125(a)(1) (false designation of origin))

The rights at issue in this case arise from Playboy's federally registered service marks for the Bunny Costume and the Playmate of the Month trademarks identified with Registration Nos. 3392817, 3319643, 3353308, 3234488, and 3388248. Compl., Dkt. No. 1 ¶ 2. The Court finds that Playboy has adequately alleged that it owns "a valid and protectable mark" in the Bunny Costume and Playmate of the Month marks. The validity of Playboy's marks is supported not only by allegations of Playboy's federal registrations, but also by its allegations of decades of use of the marks for a variety of goods and services, including its current sales of versions of the Bunny

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-9846 JVS (KSx) | Date | April 13, 2021 |
| Title | Playboy Enterprises International, Inc. v. Fashion Nova, Inc. | | |

Costume on its website. See Compl. ¶¶ 18, 21-23, 25.

The question to consider, then, is whether Playboy has alleged sufficient facts to allow the Court to draw the reasonable inference that Fashion Nova's alleged use of the mark is likely to cause consumer confusion. On this issue, Fashion Nova presents two arguments.

First, Fashion Nova argues that Playboy has failed to adequately allege a likelihood of confusion because Playboy's registrations for the Bunny Costume protect uniforms used in connection with services, whereas Fashion Nova's products are "sexy Halloween costume[s]." Mot., Dkt. No. 24, at 7. Similarly, Fashion Nova argues, Playboy seeks to extend its "Playmate of the Month" trademark in adult magazines to reach Fashion Nova's use of the phrase "Bunny of the Month" in connection with the sale of clothing. Id. According to Fashion Nova, because Fashion Nova's products "fall outside the Playboy marks' protectable interests," Playboy has failed to allege a likelihood of confusion as a matter of law. Id.

The Court finds Fashion Nova's argument on this point to be unavailing. As the Ninth Circuit noted in Applied Info. Scis. Corp., a trademark owner's "protectable interest [based on its trademark registrations] is limited to those goods and services described in its registration[s]," but "the scope of validity and the scope of relief for infringement are not coextensive." 511 F.3d at 971. In fact, the "language of the infringement statute, 15 U.S.C. § 1114, does not limit remedies for allegedly infringing uses to those goods within the ambit of the registration," but instead imposes liability on:

> Any person who shall, without the consent of the registrant . . . (a) use
> in commerce any reproduction, counterfeit copy, or colorable imitation
> of a registered mark in connection with the sale, offering for sale, distribution, or
> advertising of any goods or services on or in
> connection with which such use is likely to cause confusion, or to
> cause mistake, or to deceive.

Id. (quoting 15 U.S.C. § 1114(1)). Accordingly, the fact that Playboy's registered marks are for services does not innoculate Fashion Nova from an infringement claim merely because Fashion Nova sells goods outside the ambit of casino, bar, hotel, and nightclub services.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-9846 JVS (KSx)                    Date   April 13, 2021

Title      Playboy Enterprises International, Inc. v. Fashion Nova, Inc.

    Next, Fashion Nova argues that even if Playboy *can* allege consumer confusion, it has failed to adequately do so. Specifically, Fashion Nova states that Playboy's only allegations addressing consumer confusion are "that at some unidentified place an unidentified number of unnamed 'members of the public are offering Fashion Nova's Infringing Products for resale with descriptions such as 'Playboy Bunny Costume,' 'FashionNova Pink Satin Playboy Bunny Suit Costume Halloween,' and 'FASHION NOVA playboy bunny NEW costume'." Mot., Dkt. No. 24, at 9. Moreover, Fashion Nova argues, although Playboy asserts that it sells its employee uniforms on its website, the offerings lack tails, ribbons, corsets and replace these claimed elements of the marks (Compl. ¶ 14) with such things as vests, suspenders, tuxedo tails, leotards, and gloves. Id.

    In the Ninth Circuit, courts consider the "Sleekcraft factors" to determine whether there is a likelihood of confusion. These factors include (1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. Stockroom Inc. V. Bronstein, 2008 WL 11339650, at*4 ( (C.D. Cal. Dec. 8, 2008) (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 349 (9th Cir. 1979), abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792 (9th Cir. 2003)). A plaintiff "need not allege, or prove, every Sleekcraft factor." BBK Tobacco & Foods LLP v. Skunk Inc., 2019 WL 1921594, at *3 (D. Ariz. Apr. 30, 2019). The factors are "illustrative rather than
exhaustive, and best understood as simply providing helpful guideposts." Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1030 (9th Cir. 2010).

    The Court finds that Playboy has adequately alleged facts that tend to show that several of the Sleekcraft factors are met. Regarding the first factor–strength of the mark–Playboy detailed extensively in its complaint the "iconic" and "recognizable" nature of its marks. See Compl, Dkt. No 1 ¶¶ 1, 19. Regarding the second factor– proximity of the goods– Playboy alleges that its registrations in the Bunny Costume cover, among other things, retail store services in the fields of clothing and online services featuring female models, and that it has common-law rights in the Bunny Costume based on, among other things, its sales of Bunny Costumes on its website. Id. ¶ 21 Regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-9846 JVS (KSx) | Date | April 13, 2021 |
| Title | Playboy Enterprises International, Inc. v. Fashion Nova, Inc. | | |

third factor– similarity of the marks– Playboy's complaint contains numerous facts and side-by-side images showing the similarity between the Bunny Costume and the Allegedly Infringing Products. See id. ¶¶ 3, 25. With respect to the fourth element– evidence of actual confusion– Playboy alleges that members of the public have been confused as to the source and sponsorship of Fashion Nova's products and are advertising them for resale with names like "Playboy Bunny Costume," "FashionNova Pink Satin Playboy Bunny Suit Costume Halloween" and "FASHION NOVA playboy bunny NEW costume." Id. ¶ 29. Finally, with respect to the seventh factor–Fashion Nova's intent– Playboy alleges that Fashion Nova ignored Playboy's cease-and-desist letter and that the only plausible explanation for Fashion Nova's conduct is that it is attempting to "piggyback off the popularity and renown of Playboy's iconic Bunny Costume, which Playboy has cultivated for more than six decades." Id. ¶ 4.

The Court finds that, in sum, Playboy's allegations are more than sufficient to plausibly suggest consumer confusion under the Sleekcraft factors. Accordingly, the Court **DENIES** Fashion Nova's motion to dismiss Playboy's First, Fourth, and Sixth claims for infringement, false designation of origin, and unfair competition.

*ii. Claims for Dilution by Blurring or Tarnishment*

Next, Fashion Nova seeks dismissal of Playboy's third and fifth claims for trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c) and California state law, Cal. Bus. & Prof. Code § 14330, on the grounds that Playboy has not alleged sufficient facts to show that the mark is likely to cause dilution by blurring or tarnishment. Mot., Dkt. No 24, at 11.

To establish a claim for trademark dilution, "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008) (citing 15 U.S.C. § 1125(c)(1); Cal. Bus. & Prof. Code § 14330). Only the fourth element– blurring or tarnishment– is at issue.

Reiterating its argument regarding the distinction between Playboy's service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 20-9846 JVS (KSx)     Date   April 13, 2021

Title    Playboy Enterprises International, Inc. v. Fashion Nova, Inc.

marks and its goods, Fashion Nova first argues that "given the differences between Playboy's registered service marks and Fashion Nova's Halloween costumes, Plaintiff has failed to plausibly allege a likelihood of dilution by blurring or tarnishment." Mot., Dkt. No. 24, at 11. For the reasons discussed above regarding– including that the language of the infringement statute does not limit remedies for allegedly infringing uses to those goods within the ambit of the registration, the Court does not find this to be persuasive.

     Next, Fashion Nova argues that Playboy has not explained how Fashion Nova's actions have tarnished Playboy's brand, stating that "[i]solated customer comments expressing such mundane things as '[r]uns too small' or [t]hreading was loose' simply falls short." Id., at 12 (quoting Compl., Dkt. No. 1 ¶ 30). The Court disagrees.

     In order to show dilution by tarnishment, a business need not show that its business has actually been injured, only that "that its business reputation is likely to be injured, or that the distinctive value of [its mark] is likely to be diluted." Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991). As such, courts have found tarnishment when "the plaintiff's trademark is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context." Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 111 (2d Cir. 2010). The Court finds that Playboy has adequately alleged that Fashion Nova has linked its "products of shoddy quality" to Playboy's marks. Playboy has alleged that Fashion Nova's marketing and sale of unauthorized versions of the Bunny Costume associates Playboy and its marks with a purveyor of "fast-fashion" apparel. See Compl., Dkt. No. 1 ¶ 30. Playboy has further alleged that Fashion Nova's website contains three distinct complaints about the quality of Fashion Nova's unauthorized Bunny Costumes, including that the products run too small, have loose threading, and are "nothing like the picture." Id. These allegations are sufficient to show that Playboy's reputation is likely to be injured by the sale of unauthorized versions of the Bunny costume.

     "'[D]ilution by blurring' is association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B). A court may consider all relevant factors in making this determination, including:

     (i) The degree of similarity between the mark or trade name and the famous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-9846 JVS (KSx) | Date | April 13, 2021 |
| Title | Playboy Enterprises International, Inc. v. Fashion Nova, Inc. | | |

mark.
(ii) The degree of inherent or acquired distinctiveness of the famous mark.
(iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.
(iv) The degree of recognition of the famous mark.
(v) Whether the user of the mark or trade name intended to create an association with the famous mark.
(vi) Any actual association between the mark or trade name and the famous mark.

Jada Toys, 518 F.3d at 635-36 (quoting 15 U.S.C. § 1125(c)(2)(B)). As discussed above in the section regarding consumer confusion, the Court has determined that Playboy has alleged sufficient facts to show that Fashion Nova's mark is similar enough to Playboy's to state a claim for dilution by blurring. See Supra.

Accordingly, the Court **DENIES** the motion to dismiss Playboy's First, Fourth, and Sixth claims for infringement, false designation of origin, and unfair competition.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to dismiss, and **GRANTS** the RJN. The Court finds that oral argument will not be helpful in this matter. Fed. R. Civ. P. 78; L-R 7–15. Accordingly, the Court **VACATES** the hearing set for April 19, 2021.

**IT IS SO ORDERED.**